UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JULIA LOUISE MCDUFFY-JOHNSON** | * | **CIVIL ACTION NO.   19-0880** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS, JR.** |
| **DEPT. OF TREASURY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge is a motion for service by U.S. Marshal [doc. # 6] filed by plaintiff pro se Julia Louise McDuffy Johnson.   Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.531, the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation.   For reasons that follow, it is recommended that plaintiff's complaint, as amended, be DISMISSED.   It is further ordered that plaintiff's motion for service by U.S. Marshal [doc. # 6] is DENIED, as moot.

### Background

On July 8, 2019, plaintiff pro se Julia Louise McDuffy-Johnson filed the instant complaint against the following defendants:   Department of the Treasury (Financial Management Services and Bureau of the Fiscal Service); the U.S. Department of Education (College Assist and Federal Student Aid); College Assist o/b/o Educational Credit Management Corp.; ONPCNAO1 (Premiere Credit); and Premiere Credit of North America, L.L.C.   Plaintiff alleged that since 2016, money (totaling $7,459.09) has been taken from her social security payments and sent to the U.S. Department of Education.   However, the Florida Department of Education has no record of monies received.

Plaintiff wants defendants to answer why the withheld money has not been "applied to" the U.S. Department of Education or the Florida Department of Education. She also wants an "account be made from agencies accordingly and monies be paid to all defrauded parties namely plaintiff and the U.S. Department of Education . . ."

On July 12, 2019, the court granted plaintiff's motion for leave to proceed in forma pauperis ("IFP"). [doc. #s 2, 4]. On July 26, 2019, plaintiff filed the instant motion to serve defendants by U.S. Marshal. [doc. # 6]. At that time, the court reviewed the complaint, and noted that there was no colorable federal question or an explicit waiver of the government's sovereign immunity on the face of plaintiff's complaint. (July 31, 2019, Order [doc. # 7]). The court added that "[i]f, as plaintiff contends, she is seeking relief under federal law, she must allege the federal laws or statutes that entitle her to relief. **She also must allege precisely how and when each defendant transgressed the applicable federal law**." *Id*. (emphasis added). The undersigned accorded plaintiff fourteen days to amend her complaint to address these issues. *Id*. The court cautioned that if plaintiff failed to so comply, or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id*.

On August 12, 2019, plaintiff filed a response to the court order, which was docketed as an amended complaint. (Amend. Compl. [doc. # 8]). In her amended pleading, plaintiff premised jurisdiction on violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e (9)-(10). (Amend. Compl.). Plaintiff asserted that misleading letters were regularly sent to her, the Social Security Administration, and her financial institutions. *Id*. She also alleged violations of 18 U.S.C. §§ 1001 and 1028. *Id*.

Plaintiff further asserted that no legal judgment from any court had issued. *Id*. She also increased the amount of the appropriated funds from $7,500 to $75,472.63. *Id*. In her

next sentence, however, she clarified that the "monies taken from plaintiff (about $7,500) began in 2013 from IRS payment and Social Security payments, where collection agency documents they forwarded monies to the U.S. Department of Education." *Id*. She later stated that $155.40 per month was being taken from her bank. *Id*. Plaintiff prayed for a fair hearing, satisfaction of "paying debt," and correction of the "myriad problems [affect]ing USA Gov. agencies, businesses, and citizens – The Deficit!" *Id*.

## Subject Matter Jurisdiction and Frivolity Review

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue sua sponte if it discovers that it lacks subject matter jurisdiction. *Id.*

Also, where, as here, the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action: proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity. *See* 28 U.S.C. 1915(e)(2)(B) & (C). The court may screen the complaint and enter such dismissals, sua sponte. *See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. Appx. 433, 440 (5th Cir. July 13, 2010); *Chapman v. Arlington Housing Authority*, 145 Fed. Appx. 496 (5th Cir. Oct. 12, 2005). In so doing, the court may consider affirmative defenses that are apparent from the record. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.

3

1990).[1]

## Analysis

**I.     Subject Matter Jurisdiction**

    a)     Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The court can resolve a motion to dismiss for lack of subject matter jurisdiction "based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted).

    b)     Discussion

In her amended complaint, plaintiff alleged that defendants violated the FDCPA. She also stated that defendants transgressed several criminal statutes. As to the latter contention, the court observes that 18 U.S.C. §§ 1001 and 1028 are federal criminal statutes that do not confer a private cause of action. *Watson v. United States*, No. 07-326, 2009 WL 2601254, at *3 (S.D.

---

[1] An early determination of the merits of an IFP complaint provides significant benefit to courts (because it permits effective and efficient use of scarce resources), to defendants (because it frees them from the burdens of patently meritless and harassing litigation), and to plaintiffs (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). *See Ali, supra*.

Tex. Aug. 24, 2009) (18 U.S.C. § 1028); *Lundgren v. Universal Wilde*, 384 F.Supp.3d 134, 136 (D. Mass.2019) (18 U.S.C. § 1001).   Private citizens do not have a right to compel criminal prosecution; rather, the decision whether to file criminal charges lies within the discretion of the prosecutor.  *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted).

Plaintiff's invocation of the FDCPA fares somewhat better.   The FDCPA *does* authorize the U.S. district courts to entertain suits brought by persons against debt collectors for damages that the person sustained as a result of the debt collector's violation(s) of the FDCPA.  *See* 15 U.S.C. § 1692k.   Moreover, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ."   *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).   Therefore, plaintiff has asserted a basis for the court to assume jurisdiction over the nominally private defendants herein, i.e., College Assist o/b/o Educational Credit Management Corp.; ONPCNAO1 (Premiere Credit); and Premiere Credit of North America, L.L.C.[2]

However, the same result does not obtain as to the federal agency defendants.   The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived.   *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976).[3]   The so-called doctrine of sovereign immunity renders "the United States, its departments, and its

---

[2] The court will address below whether plaintiff's allegations suffice to state a claim for relief. *See Cervantez, supra* (the scope of federal subject matter jurisdiction is broader than the existence of a cause of action).

[3] Because whether the United States has waived its sovereign immunity is a question of subject matter jurisdiction, the courts may raise the issue sua sponte.  *See Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir.2007) (sovereign immunity raised sua sponte on appeal).

employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir.1987) (citations omitted). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962). In other words, the court lacks subject matter jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 587, 61 S.Ct. 767, 770 (1941).

Again, the only potentially viable ground cited by McDuffy-Johnson to support her cause of action is the FDCPA. However, courts uniformly have recognized that Congress did not waive the United States' sovereign immunity by enacting the FDCPA. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663–64 (5th Cir.2007); *Allen v. U.S. Dep't of Educ.*, 755 F.Supp.2d 122, 124 (D.D.C.2010); *Ha v. U.S. Dep't of Educ.*, 680 F.Supp.2d 45, 46–47 (D.D.C.2010). Accordingly, plaintiff's claims against the Department of the Treasury and the U.S. Department of Education are barred by sovereign immunity and subject to dismissal on that basis. *See United States v. $4,480,466.16 in funds seized from Bank of Am. account ending in 2653*, ___ F.3d ___, 2019 WL 3955842, at *4 (5th Cir. Aug. 22, 2019).

## II.    Failure to State a Claim for Relief

### a)    Applicable Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

b) Discussion

To state a claim under the FDCPA, a plaintiff must demonstrate that (1) she has been the object of collection activity arising from consumer debt; (2) defendant is a debt collector as

7

defined by the FDCPA; and (3) defendant has engaged in an act or omission prohibited by the FDCPA. *Ghanta v. Immediate Credit Recovery, Inc.*, No. 16-0573, 2017 WL 1423597, at *2 (N.D. Tex. Apr. 18, 2017). Although McDuffy-Johnson alleged generally that defendants violated the FDCPA,[4] she did not specify the occasion(s) that any specific defendant attempted to engage in collection activity arising from a consumer debt, or precisely how that particular collection activity was prohibited by the FDCPA. In other words, plaintiff's allegations are conclusory, and fail to state a plausible claim for relief.

Furthermore, plaintiff did not allege any facts to plausibly suggest that the ostensibly private defendants are "debt collectors" as defined by the FDCPA. Indeed, the act's legislative history suggests that it was not intended to cover the "collection of debts such as . . . student loans, by persons who originated such loans . . . [or] others who service outstanding debts for others." *Russ v. United States Dep't of Educ.*, 364 F.Supp.3d 1009, 1017 (D. Neb.2018) (citations omitted); *see also Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F.Supp.2d 1161, 1179–80 (N.D. Ala.1999), *aff'd,* 208 F.3d 945 (11th Cir.2000) ("it may well be that Congress did not

---

[4] Plaintiff contends that defendants violated paragraphs 9 and 10 of 15 U.S.C. § 1693e, which provide that,
> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \* \* \*
> **(9)** The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e (9) & (10).

restrict collection activities related to student loans under the FDCPA").[5]

In sum, the court finds that plaintiff's complaint fails to state a plausible claim for relief under the FDCPA.

### III. State Law Claims

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed,[6] the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. In fact, this is the general rule. *Priester v. Lowndes Cty.,* 354 F.3d 414, 425 (5th Cir.2004) (citation omitted). In this case, the twin interests of comity and efficiency dictate that any remaining state law claims be dismissed without prejudice. 28 U.S.C. § 1367(c).

### IV. Amendment

The undersigned further recognizes that "before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend." *Bruce v. Little*, 568 Fed. Appx. 283 (5th Cir. 2014) (citing *inter alia*, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)). However, McDuffy-Johnson already has amended her complaint once. The

---

[5] To the extent that plaintiff contends that her tax refunds and/or social security payments were improperly reduced, the court notes that an agency is permitted to collect an outstanding debt by "administrative offset," including social security or disability benefits. *Wearing v. Mill*, 5:09-CV-113-D, 2010 WL 4923461, at *3 (E.D.N.C. Nov. 29, 2010), *aff'd sub nom. Wearing v. McCoy*, 438 Fed. Appx. 239 (4th Cir.2011) (citations omitted).

[6] The court does not discern diversity jurisdiction in this case. The diversity statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Here, however, plaintiff did not allege the citizenship of defendants. Furthermore, the court is not persuaded that the amount in controversy exceeds $75,000. Plaintiff stated that $155.40 per month is being taken from her currently, and that this began in 2013. However, 7 years x 12 mos. x $155.40 equals only $13,053.60 – a sum well below the jurisdictional threshold.

amendment merely reinforced the same conclusory allegations that plaintiff included in her original complaint. Therefore, at this stage, further amendment appears futile.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's federal law claims against defendants, College Assist o/b/o Educational Credit Management Corp.; ONPCNAO1 (Premiere Credit); and Premiere Credit of North America, L.L.C., be DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

IT IS FURTHER RECOMMENDED that plaintiff's federal law claims against defendants, Department of the Treasury (Financial Management Services and Bureau of the Fiscal Service); the U.S. Department of Education (College Assist and Federal Student Aid), plus her state law claims against *all* defendants, be DISMISSED WITHOUT PREJUDICE. Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that plaintiff's motion for service by U.S. Marshal [doc. # 6] is DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 25th day of September 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE